**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PRISCILLA GEFFEN, et al.,** ) | **MDL Individual Case No. 1:08-GD-50212** |
| ) | **C.D. Ca. Case No. 2:08-CV-1110-SGL** |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Judge Dan Aaron Polster** |
| ) | |
| **GENERAL ELECTRIC COMPANY, et al.,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **Defendants.** ) | **AND ORDER ON PLAINTIFFS'** |
| ) | **MOTION TO REMAND** |
| ) | |

Pending before the Court is the Motion to Remand and Request For Costs (Including Attorneys' Fees) On Improper Removal filed by Plaintiffs Priscilla and Joel Geffen on March 3, 2008 **(ECF No. 13)** (as applicable the "Motion to Remand" or the "Request for Costs"). Defendant Mallinckrodt Inc. ("Mallinckrodt") filed a memorandum in opposition to the Motion to Remand (ECF No. 27), to which the Geffens filed a reply (ECF No. 40). For the following reasons, the Motion to Remand is **GRANTED** in part and **DENIED** in part.

**I.  BACKGROUND**

This case is one of myriad cases pending before the Court as a result of transfer pursuant to the multi-district litigation entitled *In re: Gadolinium-Based Contrast Agents Products Liability Litigation*, MDL No. 1909, Case No. 1:08-GD-50000. The plaintiffs in these MDL cases are generally individuals (or estates of deceased individuals) who developed a

disease known as Nephrogenic Systemic Fibrosis ("NSF") following the administration of products manufactured and/or sold by one or more of the named defendants in these cases. In the above-captioned case, Priscilla Geffen contracted NSF following at least four different injections of gadolinium-based contrast agents, including OptiMARK, the gadolinium-based contrast agent manufactured by Mallinckrodt. The Geffens allege various product liability claims against Mallinckrodt[1] in their Complaint, which was originally filed in California state court on January 11, 2008.[2] The Geffens' Complaint also contains medical-malpractice claims against the two physicians who administered the injections, as well as the facility at which the injections were given (collectively the "Medical Defendants"). Notably, the Medical Defendants are all undisputedly California citizens for purposes of the diversity statute, 28 U.S.C. § 1332(a). It is also undisputed that Mallinckrodt is a citizen of both Delaware and Missouri, General Electric Company is a citizen of both New York and Connecticut, GE Healthcare, Inc. is a citizen of both Delaware and New Jersey, and the Geffens are California citizens for diversity purposes.

---

[1] The Geffens also allege the same product liability claims against entities of General Electric Company, including GE Healthcare, Inc. (collectively the "GE Defendants"), as the manufacturer of Omniscan, a different gadolinium-based contrast agent. The GE Defendants consented to removal on February 19, 2008. (See ECF No. 1, Defs.' Notice of Removal, Ex. B.) For simplicity's sake, the Court will refer to the removing defendants collectively as "Mallinckrodt" or the "Pharmaceutical Defendants" rather than repeatedly naming the individual Defendants.

[2] On July 1, 2008, the Geffens filed an Amended Complaint. (ECF No. 49.) The Amended Complaint added Covidien, Inc. as an additional named Pharmaceutical Defendant, deleted a Failure to Obtain Informed Consent claim against the Medical Defendants, and generally revised the narrative and factual allegations. These modifications have no bearing on the Court's ruling on the Motion to Remand.

Mallinckrodt filed its Notice of Removal on February 19, 2008,[3] removing the case to the United States District Court for the Central District of California. (ECF No. 1.) The Geffens in turn filed their Motion to Remand on March 3, 2008, seeking to remand the case to Los Angeles Superior Court. (ECF No. 13.) Mallinckrodt filed its brief in opposition to the Motion to Remand on March 18, 2008 (ECF No. 27), to which the Geffens replied with a brief of their own on March 31, 2008 (ECF No. 40). The case was transferred to the undersigned on June 25, 2008 pursuant to a Transfer Order issued by the United States Judicial Panel On Multidistrict Litigation (the "MDL Panel"). (ECF No. 48.) On July 1, 2008, the Geffens filed their First Amended Complaint (ECF No. 49), while on July 8, 2008 the GE Defendants filed their notice of opposition to remand by joining in Mallinckrodt's opposition to the Motion to Remand (ECF No. 50).

In the Notice of Removal and its brief in opposition to remand, Mallinckrodt contends that removal to federal court is proper in this case notwithstanding the presence of non-diverse parties in the form of the Medical Defendants. According to Mallinckrodt's argument, the Medical Defendants are "misjoined" (as supposedly distinguished from fraudulently joined) because the claims against the Medical Defendants and the claims against the Manufacturer Defendants are based on independent factual and legal theories. Therefore, the argument goes, the Court should either ignore the Medical Defendants' presence in the case for removal

---

[3]The Geffens erroneously contend that Mallinckrodt filed an untimely Notice of Removal, arguing that the Notice of Removal was filed on Wednesday, February 20, 2008, following service on Mallinckrodt on January 17, 2008. The Notice of Removal was timely. The thirty-day deadline fell on Saturday, February 16, 2008, and Monday, February 18, 2008 was President's Day, a federal holiday. Thus, the actual deadline for Mallinckrodt's timely Notice of Removal was Tuesday, February 19, 2008, and the first page of the Notice of Removal is clearly time-stamped "2008 FEB 19 PM 4:17" by the Central District of California clerk of court. (ECF No. 1, Defs.' Notice of Removal, 1.)

jurisdiction purposes, or sever and remand solely the claims against the Medical Defendants, while maintaining federal jurisdiction over the product liability claims against the Pharmaceutical Defendants.

The Geffens, in their Motion to Remand and reply brief argue that the federal district courts in California have uniformly rejected the theory of "procedural misjoinder." Moreover, the Geffens assert, the Medical Defendants are properly joined under California's liberal joinder law, and thus the case must be remanded regardless of whether Mallinckrodt's misjoinder theory is a valid one.

## II. LAW AND ANALYSIS

### A. Applicable Law of Removal, Remand, and Jurisdiction

It is well-settled law that "removal of a state court action under § 1441 is proper only if the action 'originally could have been filed in federal court.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This Court has original jurisdiction of all civil actions where the matter in controversy exceeds $ 75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity – the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). Title 28, U.S.C. § 1447(c) provides that a case removed from state court should be remanded if it appears that it was removed improvidently. A party "'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.'" *Coyne*, 183 F.3d at 493 (quoting *Certain Interested*

*Underwriters at Lloyd's London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994)). *See also*, *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994) ("The burden to establish federal jurisdiction in this case is clearly upon the defendants as the removing party." (citing *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). The removal statutes are strictly construed. *Alexander*, 13 F.3d at 949 (citing *Wilson v. U.S. Dep't. of Agriculture*, 584 F.2d 137, 142 (6th Cir. 1978)).

The Geffens are California citizens, as are all three Medical Defendants. Therefore, complete diversity is lacking on the face of the complaint, and the case is not one over which the Court can exercise jurisdiction.[4] Despite this facial lack of diversity, Mallinckrodt contends that the Court can ignore this jurisdictional problem based on the "fraudulent misjoinder doctrine." (See ECF No. 1, Defs.' Notice of Removal, 4:¶16.)

**B. The Fraudulent Misjoinder Doctrine**

Mallinckrodt goes to great lengths to explain that its argument in support of removal and against remand is based not on the doctrine of fraudulent joinder, but on "misjoinder" of the Medical Defendants. According to Mallinckrodt's theory, the medical malpractice claims asserted against the Medical Defendants are improperly joined with the

---

[4]The Court also notes that the Medical Defendants are citizens of the forum in which the Geffens originally filed their Complaint. Title 28 U.S.C. § 1441(b) prohibits removal if a properly joined and served defendant is a citizen of the state in which the suit was filed (the so-called "forum defendant rule"). Under this Court's "law of the case" for the gadolinium MDL, Mallinckrodt's forum defendant rule violation would be a separate but adequate reason to remand the above-captioned case. *See Ethington v. General Electric, et al.*, MDL Individual Case No. 1:08-GD-50209, ECF No. 31, Mem. of Op. and Order, 13-17, ___ F. Supp. 2d ____ (N.D. Ohio Aug. 13, 2008) (remanding case to state court for violation of forum defendant rule).

The parties, however, do not address the problematic forum defendant rule issues in their respective briefs. Thus the Court analyzes the Geffens' Motion to Remand solely on the basis of the parties' fraudulent misjoinder/incomplete diversity arguments.

products-liability claims against the Manufacturer Defendants, because the medical malpractice claims are factually and legally distinct from the products-liability claims. Accordingly, Mallinckrodt argues, the claims against the Medical Defendants should be severed from the claims against the Pharmaceutical Defendants, with the Court retaining jurisdiction over the products-liability claims but dismissing or remanding the medical malpractice claims.

Courts have referred to this judicially-created doctrine as "fraudulent misjoinder," or "procedural misjoinder." *See*, *e.g.*, *Bird v. Carteret Mortg. Corp.*, No. 2:06-CV-588, 2007 U.S. Dist. LEXIS 24872, *7-13 (S.D. Ohio Mar. 22, 2007) (discussing in detail the doctrine of "fraudulent misjoinder"); *Asher v. 3M*, No. 04-CV-522-KKC, 2005 U.S. Dist. LEXIS 42266, *27-37 (E.D. Ky. June 30, 2005) (same); *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127-29 (E.D. Cal. 2004) (initially referring to the doctrine as "procedural misjoinder" but generally using the term "fraudulent misjoinder" thereafter). "'Fraudulent joinder' of defendants addresses the viability of claims against a defendant. 'Fraudulent *misjoinder*,' on the other hand, addresses the joinder of the claims rather than their viability." *Asher*, No. 04-CV-522, 2005 U.S. Dist. LEXIS 42266, at *28.

The fraudulent misjoinder doctrine was first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or as in the instant case, by misjoining unrelated claims of a plaintiff against non-diverse party defendants. In other words, "[w]ith fraudulent misjoinder, the charge is that the joined claims are unrelated and have been improperly joined in

one action to destroy diversity." *Asher*, 2005 U.S. Dist. LEXIS 42266, at *28 (citing *Lyons v. Lutheran Hospital of Ind.*, No. 1:04-cv-0728-DFH-VSS, 2004 U.S. Dist. LEXIS 20255, 2004 WL 2272203, at * 4 (S.D. Ind. 2004)).

Notably, only one other Court of Appeals – the Fifth Circuit – has adopted the fraudulent misjoinder doctrine, *see In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002), although "the endorsement given to the doctrine by the Fifth Circuit is somewhat open to question." *Bird*, No. 2:06-CV-588, 2007 U.S. Dist. LEXIS 24872, at * 8 (citing *Alegre v. Aguayo*, 2007 U.S. Dist. LEXIS 3266, 2007 WL 141891, *5 n.1 (N.D. Ill. January 17, 2007) ("It is not entirely clear that the Fifth Circuit has 'adopted' the *Tapscott* test.")).

The Sixth Circuit has not adopted or even addressed the doctrine. *Id.* at *7; *Asher*, 2005 U.S. Dist. LEXIS 42266, at *28. Consequently, the few federal district courts within the Sixth Circuit addressing a fraudulent misjoinder argument have reached divergent conclusions on whether (and how) to apply the doctrine. *Compare Bird*, No. 2:06-CV-588, 2007 U.S. Dist. LEXIS 24872, at * 12 ("In this Court's view, the cases declining to adopt the fraudulent misjoinder rule are the better reasoned and are more consistent with the oft-repeated maxim that removal jurisdiction is to be strictly construed, and all doubts about the propriety of removal are to be resolved in favor of remand.") (citing *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *with Asher*, 2005 U.S. Dist. LEXIS 42266, at *37-38 (applying the *Tapscott* holding and explaining that "[t]he Court agrees with those courts that have applied the same rationale to fraudulent misjoinder as to fraudulent joinder and have held that something more than 'mere misjoinder' is required before this Court may take the extraordinary step of exercising jurisdiction over an action where jurisdiction is lacking on the face of the

complaint."), and *Adams v. 3M*, No. 6:04-521-DCR, 2005 U.S. Dist. LEXIS 27404, *22 (E.D. Ky. Jan. 27, 2005) (conducting a fraudulent misjoinder analysis, and finding that the court need not make a finding that plaintiffs' joinder conduct was "egregious" under *Tapscott*[5]).

Various federal district courts around the country have likewise reached divergent conclusions on the doctrine's applicability. For instance, "[s]ince the *Tapscott* and *Benjamin Moore* decisions, district courts in the Fifth, and Eleventh Circuits, being bound, have followed the fraudulent misjoinder doctrine, as has a district court in the Seventh Circuit." *Osborn*, 341 F. Supp. 2d at 1127. It appears that a line of cases from the Southern District of New York have also applied the fraudulent misjoinder doctrine. *See, e.g.*, *Flores v. Merck & Co. (In re Fosamax Prods. Liab. Litig.)*, No. 1:07-cv-2442, 2008 U.S. Dist. LEXIS 57473, *59-60 (S.D.N.Y. July 28, 2008) (citing *McNaughton v. Merck & Co., Inc.*, No. 04 Civ. 8297 (LAP), 2004 U.S. Dist. LEXIS 30287 (S.D.N.Y. Dec. 17, 2004) and *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 147-48 (S.D.N.Y 2001)).

Conversely, a number of other federal district courts have reached the opposite conclusion and declined to apply – or outright rejected – the fraudulent misjoinder doctrine. *See Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1002 (S.D. Ill. 2007) (listing cases); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006). In *Rutherford*, the court explicitly declined to follow *Tapscott* after providing several pages of astute, insightful analysis. The court held that it "has refused to follow *Tapscott* in the past . . . and the Court will continue to do so

---

[5]The *Tapscott* court "emphasized that its holding was not that 'mere misjoinder is fraudulent joinder,' but only that the misjoinder committed in that case was 'so egregious as to constitute fraudulent joinder.'" *In re Fosamax Prods. Liab. Litig.*, No. 1:07-cv-2442, 2008 U.S. Dist. LEXIS 57473, at *43 (S.D.N.Y. July 28, 2008) (quoting *Tapscott*, 77 F.3d at 1360) (emphasis added). Whether misjoinder must be egregious or just something more that "mere misjoinder" is one of many unsettled questions about the fraudulent misjoinder doctrine.

until such time as the doctrine of fraudulent misjoinder is adopted by the Supreme Court of the United States or the Seventh Circuit Court of Appeals." *Rutherford*, 428 F. Supp. 2d at 855. The court found that "the *Tapscott* doctrine is an improper expansion of the scope of federal diversity jurisdiction by the federal courts." *Id.* at 852. In the *Rutherford* court's view, "whether viable state-law claims have been misjoined – even 'egregiously' misjoined – is a matter to be resolved by a state court." *Id.* at 851. The court reasoned that "[n]othing in the jurisprudence of the Supreme Court of the United States regarding fraudulent joinder suggests that the joinder of non-fraudulent claims is a question that implicates the subject matter jurisdiction of a federal court." *Id.* The court also noted that "the federal courts traditionally have held that matters of state civil procedure, including, presumably, joinder of parties and claims, have no bearing on the existence or nonexistence of federal subject matter jurisdiction in a given case." *Id.*

The federal district courts in California have explicitly rejected the fraudulent misjoinder doctrine. *See Osborn*, 341 F. Supp. 2d at 1127; *Aaron v. Merck & Co., Inc.*, No. CV 05-4073-JFW (MANx), 2005 U.S. Dist. LEXIS 40745, *9 (C.D. Cal. July 26, 2005); *HVAC Sales, Inc., v. Zurich American Ins. Group*, No. C-04-03615RMW, 2005 U.S. Dist. LEXIS 42274, *20 (N.D. Cal. July 25, 2005). *But see*, *Sutton v. Davol, Inc.*, No. CV-F-08-280 OWW/GSA, 2008 U.S. Dist. LEXIS 47095, *8-12 (E.D. Cal. May 27, 2008). Indeed, the analysis contained in the *Osborn* opinion serves as the foundation for many of the subsequent cases declining to follow *Tapscott*. *See, e.g.*, *HVAC Sales, Inc.*, 2005 U.S. Dist. LEXIS 42274, at *16-17.

In the absence of controlling Sixth Circuit authority, and faced with conflicting case law even from within the Sixth Circuit, the Court finds the reasoning articulated in *Bird*,

-9-

*Osborne*, and *Rutherford* to be more persuasive. Conducting fraudulent misjoinder analysis in this case necessarily requires the Court to wade into a thorny thicket of unsettled law; disagreements exist as to numerous questions about the doctrine, and "the last thing the federal courts need is more procedural complexity." *Osborn*, 341 F. Supp. 2d at 1127. Whether to apply the doctrine in the first place, whether the doctrine requires egregious misjoinder or some other level of bad faith before it can be invoked, whether to apply state or federal joinder law, and whether a federal court should be deciding issues of state joinder law in the first instance are among the unresolved inquiries the Court declines to decide here.

This approach is especially prudent in light of the Sixth Circuit's well-settled rule that removal jurisdiction is to be strictly construed, and all doubts about the propriety of removal are to be resolved in favor of remand. Moreover, as Judge Frost of the Southern District of Ohio explained, "creating a new doctrine having the effect of expanding the removability of state court cases that, on their face, do not fall within the limited jurisdiction of the federal courts is neither wise nor warranted." *Bird*, 2007 U.S. Dist. LEXIS 24872, at *12. Indeed, doing so would be contrary to the Sixth Circuit's instruction to narrowly construe the removal statutes.

Instead, the better course of action is for the state court to rule on the propriety of joinder under the state's joinder law in the first instance. The state court is also then in a position to potentially address a motion to sever the parties and claims for further proceedings. *See Osborne*, 341 F. Supp. 2d at 1127 ("I thus conclude that the better rule would require [the removing defendant] to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court."). Here, the California state court is in the best position to determine if the Geffens appropriately

-10-

joined the Medical Defendants under California's liberal joinder laws, and, if not, whether the proper remedy is to sever the parties and claims into two different cases.[6]

In sum, the Court declines to follow the *Tapscott* holding and apply the doctrine of fraudulent misjoinder. This unsettled theory is the basis for Mallinckrodt's argument in opposition to remand.[7] Absent the fraudulent misjoinder doctrine, the Court is left with a removed Complaint that contains viable medical malpractice claims against the non-diverse Medical Defendants, and diversity jurisdiction is consequently destroyed on the face of the Complaint. Without complete diversity between the parties, the Court has no subject matter jurisdiction over the Complaint. Because Mallinckrodt cannot bear its heavy burden to prove federal court subject matter jurisdiction, the Court will remand the above-captioned case pursuant to 28 U.S.C. § 1447(c).

**B. Costs and Attorney's Fees**

The Geffens' Motion to Remand also includes a Request For Costs (Including Attorneys' Fees) On Improper Removal. (ECF No. 13, Pls.' Mot. to Remand, 15-16.) Title 28, U.S.C. § 1447(c) allows recovery of certain costs upon remand. "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney

---

[6]As the *Osborn* court also noted, "the time limit for removal would not affect a defendant's ability to have the misjoinder issue resolved in state court first." *Osborn*, 341 F. Supp. 2d at 1127 n.10. The court explained, "'[r]emoval is not possible until the misjoined party that destroys removal jurisdiction is dropped from the action, the thirty-day time limit for removal (but not the overall one-year limit for diversity cases) would not begin to run until that had occurred and thus a requirement that misjoinder be addressed in the state court would not impair the ability of an individual to remove an action following the elimination of the improperly joined party.'" *Id.* (quoting Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3723 at 656).

[7]The Court disregards Mallinckrodt's contention that the Motion to Remand should be denied based on a violation of C.D. Cal. Local Rule 7-3, as it is clear that both sides share fault for any such violation.

fees, incurred as a result of the removal.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Likewise, the Sixth Circuit has held that "'an award of costs [under § 1447(c)], including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005)) (addition citations omitted).

Here, the Court first finds that no "unusual circumstances" exist. Thus, whether the Court awards the Geffens' Request for Costs depends on whether Mallinckrodt had a fairly supportable, objectively reasonable basis for removal.

The answer to this critical inquiry is a close call. At first glance, the Complaint included facially valid allegations against non-diverse defendants such that there was no diversity, and therefore no subject matter jurisdiction for the federal courts. A compelling argument can be made that removing the case by relying solely on a relatively new, unsettled doctrine that has been explicitly rejected by the California federal district courts and only adopted by one or two Courts of Appeals – neither of which is the Ninth Circuit (or, for that

matter, the Sixth Circuit[8]) – is objectively unreasonable. That a federal district court judge saw fit to *sua sponte* remand what was in effect a virtually identical case[9] to the instant matter further bolsters that feeling. (See ECF No. 40, Pls.' Reply Br., Ex. A (Remand Order in *Gleaton v. General Electric Co., et al.*, No. 2:08-CV-1126-FMC-Ex (C.D. Cal. Mar. 7, 2008) (remanding the case shortly after both *Gleaton* and *Geffen* were removed, after rejecting Defendants' argument that the claims against the Medical Defendants are severable, and further finding that "any request for severance should be made by motion in the state court in the first instance."))). Additionally, Mallinckrodt's removal, as previously recounted, should be viewed through the lens of the well-settled law that the removal statutes are to be construed narrowly and all uncertainties as to removal jurisdiction are to be resolved in the favor of remand.

      Nevertheless, the fact remains that the Ninth (like the Sixth) Circuit has neither adopted nor rejected the fraudulent misjoinder doctrine. Not surprisingly, district courts throughout the country are divided on whether and how to apply the fraudulent misjoinder doctrine in the wake of *Tapscott*. This unsettled state of the law leads the Court to reluctantly find, under Sixth Circuit law, that Mallinckrodt's position was at least fairly supportable, and that it was not necessarily objectively unreasonable for Mallinckrodt to remove based on the

---

[8]Although the Court obviously applies Sixth Circuit law to determine the question of a fee award here, the relevant inquiry is whether it was objectively reasonable for Mallinckrodt to remove the case at the time of removal to the U.S. District Court for the Central District of California. The case was removed on February 20, 2008, eight days before the first gadolinium cases were transferred to the Northern District of Ohio, after which consulting Sixth Circuit law might have been expected for a removing defendant to have acted in objectively reasonable fashion. At that time, there was no binding Ninth Circuit precedent on the fraudulent misjoinder doctrine in either direction.

[9]The *Gleaton* case materially differed from the above-captioned case only in the identity of the plaintiffs and in the number of MRIs and/or MRAs each received and when. Otherwise, *Gleaton* involved the same Pharmaceutical Defendants, virtually identical Medical Defendants, the same alleged causes of action, and the same plaintiffs' and defendants' attorneys. (ECF No. 40, Pls.' Reply Br., at 2-3; Ex. B.)

fraudulent misjoinder doctrine.[10] This is so, even if Mallinckrodt should have paid more mind to the *Osborn* case and its California progeny. Obviously the conclusion would be different if the Ninth Circuit had followed the suggestion of the *Osborn* opinion and its offspring and rejected the doctrine, but the Ninth Circuit has taken no such position.

Because the Court finds that Mallinckrodt's removal action was fairly supportable and was objectively reasonable, the Court declines to award the costs and attorneys' fees the Geffens requested.[11]

### III. CONCLUSION

For the foregoing reasons, the Court rejects the "fraudulent misjoinder doctrine" and consequently finds that removal was improper; the presence in the Complaint of viable medical malpractice allegations against the non-diverse Medical Defendants destroys diversity, and thus the Court has no subject matter jurisdiction pursuant to 28 U.S.C. § 1332. At the same time, the Court finds that Mallinckrodt's removal was fairly supportable and objectively reasonable. Therefore, the Court declines to award the Geffens' costs, including attorneys' fees, incurred in connection with removal and the subsequent remand.

---

[10] The Geffens argue that Mallinckrodt and its fellow Pharmaceutical Defendants are improperly removing gadolinium cases in an effort to dely the proceedings. The analysis inquires as to the objective reasonableness, not the subjective reasonableness of the remover's actions, and thus the Pharmaceutical Defendants' subjective intentions is not part of the inquiry. That being said, the Court cautions the Pharmaceutical Defendants against taking an unnecessarily aggressive approach to removal when non-diverse defendants are named in a gadolinium case.

[11] The instant ruling now constitutes the "law of the case" for these MDL gadolinium cases, and all defendants (including defendants not named in the instant case) are now on notice that the Court has rejected the fraudulent misjoinder doctrine. Accordingly, removal of subsequent gadolinium cases in similar circumstances (i.e. cases removed that are facially beyond the Court's jurisdiction because the parties include non-diverse defendants against whom medical malpractice claims are asserted) will almost certainly been viewed as objectively unreasonable, regardless of from whence any such cases are removed. The instant opinion will be issued in the above-captioned case, as well as on the docket for *In re: Gadolinium-Based Contrast Agents Products Liability Litigation*, MDL No. 1909, Case No. 1:08-GD-50000.

Accordingly, the Geffens' Motion For Remand **(ECF No. 13)** is **GRANTED** but their Request For Costs (Including Attorneys' Fees) On Improper Removal is **DENIED**.  The above-captioned case is hereby **REMANDED** in full, for lack of subject matter jurisdiction, to the Los Angeles Superior Court pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster        September 12, 2008*
**Dan Aaron Polster**
**United States District Judge**